IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHILOH HUSHIM BELL,            )
                              )
    Plaintiff,            )
                              )
vs.                           )     Case No. 26-CV-134-DWD
                              )
EQUIFAX INFORMATION SERVICES  )
LLC,                          )
                              )
    Defendant.            )

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff Shiloh Hushim Bell's motions for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. (Docs. 3 and 5). Defendant Equifax Information Services LLC ("Equifax") has filed a response. (Doc. 19). For the reasons that follow, the Court **DENIES** the motions for preliminary injunction.

## I. Background

Plaintiff sues Equifax under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). Plaintiff alleges that he is a survivor of human trafficking and that Equifax failed to block adverse information on his credit report in violation of the FCRA. Specifically, Plaintiff alleges that although Equifax approved and implemented his initial request to have adverse information resulting from human trafficking blocked from his credit report, it subsequently reversed course without providing an appropriate explanation. Plaintiff further contends that he has made repeated additional submissions to no avail. Along with his *pro se* complaint, Plaintiff filed two motions for preliminary

injunction seeking a court order enjoining Equifax from continuing to report adverse credit information associated with human trafficking.

Equifax has responded. (Doc. 19). First, Equifax contends that the motion must be denied because the FCRA does not allow private plaintiffs to obtain injunctive relief. Second, Equifax contends that, even if it did, Plaintiff cannot show a likelihood of success on the merits.

## II. Analysis

Before evaluating whether Plaintiff has satisfied the requirements for a preliminary injunction, the Court first determines whether Plaintiff can obtain injunctive relief under the FCRA. *See Stolfat v. Equifax, Inc.*, No. 24-80856-CV, 2024 WL 4881239, at *1 (S.D. Fla. Sept. 19, 2024) ("Before a court reaches the merits of whether to grant a preliminary injunction, it must first be assured it has the authority to grant the requested equitable relief.").

The FCRA creates a private right of action against credit reporting agencies for the negligent or willful violation of any duty imposed under the statute. *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995). For any such violation, the credit reporting agency is liable to the consumer for actual damages sustained, the costs of the action together with reasonable attorney's fees and, in the case of willful noncompliance, punitive damages. *Id.* (quoting 15 U.S.C. §§ 1681n, 1681o).

District courts in the Seventh Circuit have consistently held that private litigants may not obtain injunctive relief in FCRA actions. *See* e.g., *Pappas v. Experian Info. Sols., Inc.*, No. 15 C 8115, 2017 WL 635145, at *5 (N.D. Ill. Feb. 16, 2017); *Novak v. Experian Info.*

*Sols., Inc.*, 782 F. Supp. 2d 617, 625 (N.D. Ill. 2011); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002). These courts emphasize that the statute's comprehensive remedial framework expressly authorizes private parties to pursue actual and punitive damages along with attorneys' fees, while remaining silent as to injunctive relief and affirmatively granting the Federal Trade Commission exclusive authority to seek such equitable remedies. *See Novak*, 782 F. Supp. 2d at 625 (citing 15 U.S.C. § 1681s(a)(1)); accord *Pappas*, 2017 WL 635145, at *5; *In re Trans Union,* 211 F.R.D. at 340.

This conclusions draw support from the Fifth Circuit's seminal decision on this issue:

> The affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC.

*Washington v. CSC Credit Servs., Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *see also Cadet v. Equifax Credit Servs.*, No. 05CV4843(SLT)(LB), 2006 WL 8439286, at *2 (E.D.N.Y. Feb. 10, 2006) (following *Washington* and denying preliminary injunction).

The Court is persuaded by the Fifth Circuit's analysis in *Washington* and the persuasive authority from district courts. That interpretation is also consistent with the Seventh Circuit's treatment of an analogous remedial scheme in *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 882 (7th Cir. 2000), where the court observed that "[a]ll private actions under the Fair Debt Collection Practices Act are for damages." The FCRA's detailed remedial provisions, authorizing private damages and attorney's fees

while expressly reserving injunctive authority to the FTC, reflect Congress's intent to confine private plaintiffs to legal rather than equitable relief. *See Banno*, 2017 WL 3087726, at *5 (collecting cases). Plaintiff's request for a preliminary injunction must therefore be denied.

Because injunctive relief is unavailable to private plaintiffs under the FCRA, the Court need not reach the traditional preliminary-injunction factors.

For these reasons, the motions for preliminary injunction (Docs. 3 and 5) are **DENIED**.

**SO ORDERED.**

Dated: May 26, 2026

Judge Dugan
Digitally signed by Judge Dugan
Date: 2026.05.26 15:45:25 -05'00'

_____
DAVID W. DUGAN
United States District Judge